UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA TERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:20-CV-916-SPM |
| | ) | |
| THOMAS W. TURPIN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on Defendant Thomas W. Turpin's Motion to Strike Plaintiff Patricia Terry's Designation of Expert Witnesses. (Doc. 30). The motion has been fully briefed.

### I.    FACTUAL BACKGROUND

This case arises from an incident in which Plaintiff was injured in a motor vehicle accident. Pursuant to the Case Management Order, the deadline for Plaintiff to disclose all expert witnesses and provide the reports required by Federal Rule of Civil Procedure 26(a)(2) was August 1, 2021. The deadline for completion of depositions of those experts is September 15, 2021; the deadline for Defendant to disclose expert witnesses and provide reports is November 15, 2021; and the deadline for completion of depositions of Defendant's experts is January 15, 2022. On August 2, 2021, Plaintiff disclosed Dr. Steven D. Stahle as a retained expert and Dr. Jeffrey S. Johnson as a non-retained expert.[1] The Designation of Expert Witnesses states as follows:

---

[1] Defendant states that the instant motion to strike is not based on the untimely identification of these experts.

1

Drs. Johnson and Stahle are expected to testify as to the cause, nature and extent of Plaintiff Patricia M. Terry's injuries, as well as the reasonableness, necessity and value of medical treatment, including future medical treatment and charges.

Plaintiff previously advised that she may call any and all treating physicians and medical and healthcare personnel as set forth in the medical records.

In addition, Plaintiff reserves the right to call, or use the deposition of, any expert witness designated by Defendant.

Plaintiff also reserves the right to call additional experts, or otherwise respond with expert testimony, to testimony or opinions of any defense experts or other witnesses.

Def.s' Ex. A, Doc. 30-1. Plaintiff also attached a curriculum vitae for each expert. No other documents or reports were attached.

Defendant argues that these disclosures were inadequate under Rule 26(a)(2) and therefore asks that the Court strike Plaintiff's Designation of Expert Witnesses pursuant to Fed. R. Civ. P. 37(c). In the alternative, Defendant asks the Court to order Plaintiff to comply with the requirements of Rule 26(a)(2) and amend the respective expert deadlines in the Case Management Order accordingly.

## II.    LEGAL STANDARDS

Rule 26(a)(2) requires parties to make pretrial disclosure, without a formal discovery request, of the identity of any person who may provide expert testimony at trial. If the expert witness is one "retained or specially employed to provide expert testimony," the disclosure must be accompanied by a signed, written report containing:

(i)     a complete statement of all opinions the witness will express and the basis and reasons for them;
(ii)    the facts or data considered by the witness in forming them;
(iii)   any exhibits that will be used to summarize or support them;
(iv)    the witness's qualifications, including a list of all publications authored in the previous 10 years;
(v)     a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
(vi)     a statement of the compensation to be paid for the study and testimony in

the case.

Fed. R. Civ. P. 26(a)(2)(B). For a witness who is not required to provide a written report, the disclosure must state "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). "A party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D).

Under Rule 37(c), "If a party fails to provide information or identify a witness as required by Rule 26(a) . . . the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)—(vi)."

### III.   DISCUSSION

Defendant argues that the disclosure of Dr. Stahle was inadequate because Plaintiff did not provide the written report required by Fed. R. Civ. P. 26(a)(2). Defendant also argues that the disclosure of Dr. Johnson is inadequate because Plaintiff did not provide a summary of the facts and opinions as to which Dr. Johnson is expected to testify. Defendant argues that Plaintiff's failure to comply with Rule 26(a)(2) and the Case Management Order has prejudiced Defendant in numerous ways, including by reducing Defendant's ability to identify potential rebuttal experts, reducing Defendant's ability to adequately prepare for the respective depositions of Drs. Johnson and Stahle, forcing Defendant to ascertain the opinions of the experts at their depositions, and otherwise reducing Defendant's ability to comply with other expert deadlines in the Case Management Order.

3

In her response to Defendant's motion to strike, Plaintiff does not appear to dispute that she did not comply with the requirements of Rule 26(a)(2). Instead, she argues that Defendant's motion must fail because Defendant did not comply with Fed. R. Civ. P. 37(a)(1), which Plaintiff argues required Defendant to include in the motion a certification that he had conferred or attempted to confer with her counsel to resolve the issue without court intervention. Plaintiff states that there was no attempt to confer with Plaintiff's counsel, and that if Defendant had merely reached out to Plaintiff's counsel, this issue would have been resolved without court intervention. Plaintiff also attaches to her response an "Independent Records Review" from Dr. Stahle that describes the records he reviewed and gives his impression and his medical opinions regarding causation; a list of cases in which Dr. Stahle has offered testimony; and information regarding Dr. Stahle's fees. Pl.'s Ex. 1, Doc. 33-1.

In his reply, Defendant argues that Rule 37(a)(1) is inapplicable to the motion to strike, because that rule applies only to a "motion for an order compelling disclosure or discovery." Defendant also argues that it would have been fruitless for Defendant to meet and confer with Plaintiff's counsel, noting that the document Plaintiff attached to her response for Dr. Stahl was not prepared until August 23, 2021, and that Plaintiff still has not provided a summary of the facts and opinions to which Dr. Johnson is to testify.

Defendant is correct that Rule 37(a)(1) concerns motions to compel and does not appear to be applicable to the instant motion to strike. *See* Fed. R. Civ. P. 37(a)(1) ("On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."). However, another, similar, rule *does* apply here. Rule 3.04(A) of the Local Rules for the United States District Court for the Eastern District of Missouri provides:

4

> The Court will not consider any motion relating to discovery and disclosure unless it contains a statement that movant's counsel has conferred in person or by telephone with the opposing counsel in good faith or has made reasonable efforts to do so, but that after sincere efforts to resolve their dispute, counsel are unable to reach an accord. This statement also shall recite the date, time and manner of such conference, and the names of the individuals participating therein, or shall state with specificity the efforts made to confer with opposing counsel.

E.D. Mo. L.R. 3.04(A). The instant motion to strike Plaintiff's expert designations because the disclosures were inadequate is certainly one relating to discovery and disclosure, yet Defendant made no attempt to comply with this rule. The Court is not persuaded by Defendant's argument that conferring with counsel would have been futile. The Court will therefore deny Defendant's request to strike Plaintiffs' expert designations.

Although the motion will be denied to the extent that Defendant seeks to strike Plaintiff's expert designations, the Court acknowledges that Plaintiff's delay in making the appropriate disclosures may require an amendment of the Case Management Order. Accordingly, the Court will grant Defendant's alternative request for relief—that the Court order Plaintiff to make the disclosures required by Rule 26(a)(2) and that the Court amend the deadlines in the Case Management Order. The Court will require the parties to submit a joint proposed amended case management order for the Court's consideration.

## IV.   CONCLUSION

For the above reasons,

**IT IS HEREBY ORDERED** that Defendant Thomas W. Turpin's Motion to Strike Plaintiff Patricia Terry's Designation of Expert Witnesses. (Doc. 30) is **GRANTED IN PART and DENIED IN PART.** To the extent that Defendant asks the Court to strike Plaintiffs' designation of expert witnesses, the motion is **DENIED**, without prejudice. To the extent that Defendant seeks the alternative relief of ordering Plaintiff to make the disclosures required by Rule 26(a)(2) and to amend the expert deadlines in the Case Management Order, the motion is

**GRANTED**.

**IT IS FURTHER ORDERED** that, no later than **Friday, September 10, 2021**, Plaintiff shall submit to Defendant the reports and information required by Rule 26(a)(2).

**IT IS FURTHER ORDERED** that, no later than **Friday, September 17, 2021,** the parties shall file joint proposed amended scheduling plan for the Court's consideration. After receipt of the proposed order, the Court will either set the case for a scheduling conference or enter an amended case management order without a conference.

_____

SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated: September 2, 2021.